IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DAPHNIE CAMPBELL,**

              **Plaintiff,**

**v.**                                **CIVIL ACTION NO. 1:17CV177**
                                           **(Judge Keeley)**

**COMMISSIONER OF SOCIAL SECURITY**
**ADMINISTRATION,**

              **Defendant.**

   **MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING
   IN PART THE REPORT AND RECOMMENDATION [DKT. NO. 25], GRANTING
    THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 14], AND
   DENYING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 23]**

On October 17, 2017, the plaintiff, Daphnie Campbell ("Campbell"), filed a complaint against the defendant, the Commissioner of Social Security ("Commissioner") (Dkt. No. 1), seeking review of the Commissioner's final decision denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). After the parties filed cross motions for summary judgment, Magistrate Judge Michael J. Aloi issued a Report and Recommendation ("R&R"), recommending that the Court deny Campbell's motion and grant the Commissioner's motion, finding that the Commissioner's decision denying Campbell's applications was supported by substantial evidence (Dkt. No. 25). For the reasons that follow, the Court **ADOPTS IN PART AND REJECTS IN PART** the R&R (Dkt. No. 25), **GRANTS** Campbell's motion (Dkt. No. 14), and **DENIES** the Commissioner's motion (Dkt. No. 23).

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION [DKT. NO. 25], GRANTING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 14], AND DENYING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 23]**

### I. BACKGROUND[1]

**A.   Campbell's Motion for Summary Judgment**

On April 2, 2018, Campbell filed a motion for summary judgment, arguing that the Commissioner's final decision denying her applications for DIB and SSI is not supported by substantial evidence (Dkt. Nos. 14, 15). Campbell contends that (1) the Administrative Law Judge ("ALJ") erroneously evaluated her subjective complaints, and (2) the decision was not sufficiently particularized to provide for meaningful review (Dkt. No. 15 at 4-6). Campbell also contends that the ALJ erroneously assessed her residual functional capacity ("RFC") by failing to consider the combined effect of her alleged impairments, and by erroneously exercising an expertise in neurology. Id. at 6-9. Finally, Campbell asserts that the ALJ improperly discounted the opinion of Campbell's treating physician, Edward Thompson, M.D. Id. at 10-12.

**B.   Commissioner's Motion for Summary Judgment**

The Commissioner's motion for summary judgment contends that the ALJ's decision is supported by substantial evidence (Dkt. Nos.

---

[1] Because the R&R contains a thorough recitation of the relevant facts and procedural history, the Court need not repeat it here.

**CAMPBELL V. COMMISSIONER**                                            1:17CV177

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING
IN PART THE REPORT AND RECOMMENDATION [DKT. NO. 25], GRANTING
THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 14], AND
DENYING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 23]**

23, 24). In support, the Commissioner submits that the ALJ properly evaluated Campbell's subjective complaints against the medical evidence of record (Dkt. No. 24), and appropriately assessed Campbell's RFC by considering the effects of her physical and mental impairments and by discounting Dr. Thompson's opinion. Id. 8-9. The Commissioner did not respond to Campbell's argument that the ALJ exercised an expertise she did not possess. See generally id.

**C.    Report and Recommendation**

In the R&R filed on January 7, 2019, Magistrate Judge Aloi concluded that the ALJ had properly weighed Campbell's subjective complaints against the medical evidence of record and appropriately accorded little weight to the statement of Dr. Thompson, Campbell's treating physician (Dkt. No. 25 at 29-39). He next concluded that it was harmless error for the ALJ to have exercised an expertise in neurology she did not possess. Id. at 39. Finally, he reasoned that the ALJ had properly weighed the medical evidence when determining whether Campbell's impairments were severe. Id. at 39-41.

**CAMPBELL V. COMMISSIONER**                                      **1:17CV177**

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING
IN PART THE REPORT AND RECOMMENDATION [DKT. NO. 25], GRANTING
THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 14], AND
DENYING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 23]**

## II. STANDARD OF REVIEW

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection is timely made. 28 U.S.C. § 636(b)(1)(C). On the other hand, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D. W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold those portions of a recommendation to which no objection has been made unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

## III. APPLICABLE LAW

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When ruling on a motion for summary judgment, the Court reviews all the evidence in the light most favorable to the nonmoving party. Miller, 913 F.2d at 1087. The Court must avoid weighing the

**CAMPBELL V. COMMISSIONER**                                           1:17CV177

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING
IN PART THE REPORT AND RECOMMENDATION [DKT. NO. 25], GRANTING
THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 14], AND
DENYING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 23]**

evidence or determining its truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has made the necessary showing, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256 (internal quotation marks and citation omitted). The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment; the evidence must be such that a rational trier of fact could reasonably find for the nonmoving party. Id. at 248-52.

## IV. DISCUSSION

After reviewing the R&R for clear error, the Court concludes that, even though the ALJ properly evaluated Campbell's subjective complaints of pain and did not err in discounting the physician statement of Dr. Thompson, she failed to consider the combined effects of Campbell's physical impairments and improperly exercised

**CAMPBELL V. COMMISSIONER**                                      1:17CV177

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION [DKT. NO. 25], GRANTING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 14], AND DENYING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 23]**

an expertise in neurology she did not possess. Accordingly, the Commissioner's final decision denying Campbell's applications for DIB and SSI is not supported by substantial evidence.

### A.   The ALJ Properly Evaluated Campbell's Subjective Complaints and Discounted Dr. Thompson's Physician Statement

Neither party objected to Magistrate Judge Aloi's conclusions that the ALJ properly evaluated Campbell's subjective complaints against the medical evidence of record and did not err in according little weight to Dr. Thompson's physician statement (Dkt. No. 25 at 29-39). Finding no clear error, the Court **ADOPTS** these recommendations.

### B.   The ALJ Did Not Consider the Combined Effects of Campbell's Physical Impairments

"It is axiomatic that disability may result from a number of impairments which, taken separately, might not be disabling, but whose total effect, taken together, is to render claimant unable to engage in substantial gainful activity." Walker v. Brown, 889 F.2d 47, 50 (4th Cir. 1989). Recognizing this principle, the Fourth Circuit has repeatedly "held that in evaluating the effective of various impairments upon a disability benefit claimant, the Secretary must consider the combined effect of a claimant's

**CAMPBELL V. COMMISSIONER**                                    1:17CV177

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING
IN PART THE REPORT AND RECOMMENDATION [DKT. NO. 25], GRANTING
THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 14], AND
DENYING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 23]**

impairments and not fragmentize them." Id. (emphasis added) (compiling cases); see also Hines v. Bowen, 872 F.3d 56, 59 (4th Cir. 1989) ("Congress explicitly requires that 'the combined effect of all the individual's impairments' be considered, 'without regard to whether any such impairment if considered separately' would be sufficiently severe."). "As a corollary to this rule, the ALJ must adequately explain his or her evaluation of the combined effects of the impairments." Walker, 889 F.2d at 50 (citing Reichenbach v. Heckler, 808 F.2d 309, 312 (4th Cir. 1985)).

Here, the ALJ's analysis of Campbell's alleged impairments plainly falls short of her obligation to consider the combined effect of a claimant's impairments because she only considered the combined effect of Campbell's alleged mental impairments but failed to consider the combined effect of Campbell's alleged physical impairments (Dkt. No. 9-2 at 33-35). Because the ALJ fragmentized Campbell's alleged impairments and failed to consider the combined effect of her alleged physical impairments, substantial evidence does not support the Commissioner's final decision denying Campbell's applications for DIB and SSI.

**CAMPBELL V. COMMISSIONER** 1:17CV177

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION [DKT. NO. 25], GRANTING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 14], AND DENYING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 23]**

**C. The ALJ Improperly Exercised an Expertise in Neurology**

Neither party objected to Magistrate Judge Aloi's conclusion that the ALJ committed harmless error when she improperly exercised an expertise in neurology she did not possess (Dkt. No. 25 at 29-39). Finding no clear error, the Court **ADOPTS** this recommendation because, even absent the ALJ's self-declared medical conclusion, substantial evidence supports her residual functional capacity determination (Dkt. No. 9-2 at 34-37).

Nevertheless, inasmuch as the ALJ is not a trained medical professional, on remand she should be careful not to interpret the results of Campbell's electroencephalograms. See Wilson v. Heckler, 743 F.2d 218, 221 (4th Cir. 1984) ("[T]he ALJ erroneously exercised an expertise he did not possess in the field of orthopedic medicine."); Casstevens v. Astrue, No. 1:07CV657, 2009 WL 1383313, at *4 (M.D.N.C. May 14, 2009) ("[T]he ALJ's interpretation of Plaintiff's MRI requires medical knowledge and training that she does not possess.").

**V. CONCLUSION**

For the reasons discussed, the Court **ADOPTS IN PART AND REJECTS IN PART** the Report and Recommendation (Dkt. No. 25), **GRANTS**

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION [DKT. NO. 25], GRANTING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 14], AND DENYING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 23]**

Campbell's Motion for Summary Judgment (Dkt. No. 14), and **DENIES** the Commissioner's Motion for Summary Judgment (Dkt. No. 23). This case is **REMANDED** to the Social Security Administration for further proceedings consistent with this Memorandum Opinion.

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and all appropriate agencies.

DATED: February 14, 2019.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE